# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN W. JONES, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4460 |
| | : | |
| WILLIE SHELLY, | : | |
|     *Defendant*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                                       **OCTOBER 9, 2019**

      Martin W. Jones, a prisoner incarcerated at SCI Rockview brings this civil action, pursuant to 42 U.S.C. § 1983, against Willie Shelly. Jones seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

### I

      Jones's Complaint raises constitutional claims pursuant to 42 U.S.C. § 1983 against Defendant Willie Shelly in his official and individual capacities. Jones alleges that at the time of the incident giving rise to his Complaint, Shelly was a police officer with Lower Saucon Police Department. (ECF No. 2 at 2, 12.)[1]

      The allegations in Jones's Complaint are brief. Jones avers that on April 12, 2018, Shelly was dispatched to Transformation Autobody located at 2162 Riverside Drive in Lower Saucon, Pennsylvania about an "AR15 placed under Plaintiff Jones'[s] toolbox." (*Id.* at 12.) Jones further alleges that he had a video hearing on June 7, 2018

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

with Northampton County Magisterial District 03-2-06 while he was in Bucks County Prison on unrelated charges. (*Id.*) Jones contends in his Complaint that he "was never finger printed, or placed under arrest, for the AR15." (*Id.*) Jones avers that Shelly acted with deliberate indifference to his needs and violated his due process rights because *Miranda* rights[2] were not read, he was never finger printed, and he was never placed under arrest. (*Id.* at 12-13)

Jones seeks, *inter alia*, punitive and compensatory damages in an "amount of whatever the Court deems just" against Shelly. (*Id.* at 13.)

II

The Court will grant Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Jones is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] However, as Jones is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A

Jones's claims against Shelly in his official capacity fail. Claims against officers named in their official capacities are indistinguishable from claims against the township. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Jones has not pled a basis for municipal liability and his official capacity claim most be dismissed. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing

3

that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Nothing in the Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference. Accordingly, Jones has not stated a plausible basis for a claim against any municipal entity. The Court will, therefore, dismiss Jones's claims against Shelly in his official capacity.

B

Jones has also failed to state a claim against Shelly in his individual capacity. "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Jones's claims against Shelly fail because he has not alleged any specific facts explaining what Shelly did or did not do to violate his constitutional rights. The Complaint indicates that Shelly was dispatched to an autobody shop to investigate a gun placed under a tool box belonging to Jones. To the extent Jones seeks to assert Fourth Amendment claims, his sparse allegation does not provide a plausible basis for a claim based on an unreasonable search. Although Jones states that he was not read his *Miranda* rights, he also alleges that he was not fingerprinted or placed under arrest. (ECF No. 2 at 12-13.) To the extent Jones contends that the failure to have his *Miranda* rights read amounts to a constitutional violation, this claim is not plausible because he fails to plead that he made any statements in the course of a custodial interrogation and that any such statements were used against him in the course of a trial. *Cf. Renda v. King*, 347 F.3d 550, 552 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned her in custody without providing *Miranda* warnings when there is no claim that the plaintiff's answers were used against her at trial."). Jones also seems to fault Shelly for failing to arrest him or fingerprint him, but "there is no constitutional right to be arrested promptly or otherwise." *United States v. Joines*, 258 F.2d 471, 473 (3d Cir. 1958); *see also Hoffa v. United States*, 385 U.S. 293, 310 (1966) ("There is no constitutional right to be

5

arrested."). In sum, the Court will dismiss his Complaint because Jones has failed to provide a sufficient factual basis to state a plausible claim against Shelly.

IV

For the foregoing reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Jones's right to file an amended complaint in the event he can state a plausible claim against Shelly. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**