IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN W. JONES, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4460 |
| | : | |
| WILLIE SHELLY, | : | |
|     *Defendant*. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                            **JANUARY 22, 2020**

In a prior Memorandum and Order entered on October 9, 2019, the Court granted *pro se* Plaintiff Martin W. Jones leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice, and granted him leave to file an amended complaint. Jones filed his Amended Complaint on October 31, 2019. For the following reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I

Jones's Amended Complaint raises constitutional claims pursuant to 42 U.S.C. § 1983 against Defendant Willie Shelly in his individual capacity. Jones claims that at the time of the incident giving rise to his allegations, Shelly was a police officer with the Lower Saucon Police Department. (ECF No. 7 at 2, 12.)[1]

Jones avers that on April 12, 2018, Shelly was dispatched to Transformation Autobody located at 2162 Riverside Drive in Lower Saucon, Pennsylvania based on a report from the shop owner Caleb VanSumeren who "stated he saw [Jones] place an

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

AR15, in his tool cabinet" on April 10, 2018.  (*Id.* at 12.)  Jones avers that Shelly obtained a search warrant for the tool boxes he owned but did not find an AR15, in fact, Shelly found a gun case under the tool box, which Jones contends was a "common area of [the] shop."  (*Id.*)  Jones asserts that Shelly seized other items that were not in the search warrant.[2]  (*Id.*)

Jones contends that VanSumeren never saw the AR15 and lied about seeing Jones place the AR15 in his tool cabinet.  (*Id.*)  Jones submits that VanSumeren changed his statement at the preliminary hearing by "stating he was not sure, if the AR15 was in [Jones's] toolbox cabinet" as he had previously mentioned to Shelly, thereby allowing Shelly to obtain a search warrant.  (*Id.*)

Jones claims that Shelly violated his Fourth Amendment rights when Shelly "illegally obtained a search warrant" for his tool boxes and cabinet and "illegally search[ed] [his] tool boxes."  (*Id.* at 13.)  Jones further avers that Shelly violated his Fourteenth Amendment rights "by charging [him] and [sending him] to prison."  (*Id.*)  Jones seeks, *inter alia*, punitive and compensatory damages in an "amount of whatever the Court deems just" against Shelly.  (*Id.* at 14.)

According to the Police Criminal Complaint attached to Jones's Amended Complaint, the Affidavit of Probable Cause states that Shelly "obtained a search warrant, issued by Judge Mege, for the tool cabinet plus any and all items which Martin Jones has transported to Transformation Auto."  (*Id.* at 15.)  It further appears from the Affidavit that "upon executing the search warrant an AR style rifle was found

---

[2] The Court does not understand Jones to be raising claims based on the seizure of these items, which Jones does not identify or discuss further.  In any event, his allegation here is too vague to support a plausible claim.

2

under the mentioned tool cabinet, hidden from view by several other tool boxes." (*Id.* at 16.)

Public dockets from the Court of Common Pleas of Bucks County reflect that on April 15, 2018, Jones was arrested by Shelly on a charge of possession of firearm prohibited. *See Commonwealth v. Jones*, Docket No. CP-09-CR-0004069-2018 (Bucks Cty. Court of Common Pleas). This charge related back to an offense date of April 12, 2018. (*Id.*) On September 4, 2018, Jones entered a negotiated plea of guilty to the firearm possession charge and was sentenced to a term of five to ten years imprisonment. (*Id.*) This conviction has not been vacated or invalidated. (*Id.*)

II

Because Jones has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Amended Complaint and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

III

The Court previously dismissed Jones's claim based on an unreasonable search because Jones failed to allege any specific facts explaining what Shelly did or did not do to violate his constitutional rights. The vehicle by which federal constitutional claims

3

may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

It now appears that Jones bases his § 1983 claims on assertions that Shelly "illegally obtained a search warrant" for his tool boxes and cabinet. (*Id.* at 13.) During the execution of the search warrant, "an AR style rifle was found under the mentioned tool cabinet, hidden from view by several other tool boxes." (*Id.* at 16.) The discovery of the rifle resulted in Jones's arrest on a charge of possession of firearm prohibited, with a subsequent plea of guilty by Jones. *See Commonwealth v. Jones*, Docket No. CP-09-CR-0004069-2018 (Bucks Cty. Court of Common Pleas). Indeed, Jones alleges that Shelly violated his rights by "charging him and sen[ding] [him] to prison." (ECF No. 7 at 13.)

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-487. The United States Court of Appeals for the Third Circuit has interpreted *Heck* to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005).

*Heck* does not bar all Fourth Amendment claims. *Heck*, 512 U.S. at 487 n. 7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action [i.e., a suit for damages attributable to an allegedly unreasonable search], even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.") (citations omitted). "*Heck* bars only claims which 'seek [ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful.'" *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223-24 (3d Cir. 2016) (quoting *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998)). *Heck* "requires District Courts to determine whether each claim — if successful — would imply the invalidity of the conviction or sentence." *Id.* at 224 (quoting *Gibson v. Superintendent*, 411 F.3d 427, 447-49 (3d Cir. 2005) (holding that a determination whether *Heck* applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry)).

Jones bases his § 1983 claim on allegations that the improper search of his tool boxes produced the evidence, a rifle, that resulted in a charge of a prohibited firearm being filed against him and to which he subsequently pled guilty. Accordingly, his claim clearly implicates the validity of his conviction and is barred by *Heck*. *See e.g.*

5

*Keeling v. Att. Gen. for Pa.*, 575 Fed. App'x 16, 18 (3d Cir. 2014) (barring the plaintiff's Fourth Amendment claims because he alleged that the illegal search and seizure resulted in his unlawful conviction); *Mosby v. O'Brie*, 532 F. App'x 84, 85 (3d Cir. 2013) (barring the plaintiff's Fourth Amendment claims relating to an alleged unlawful arrest because the plaintiff pleaded guilty to charges stemming from that arrest); *James v. York Cnty. Police Dep't*, 160 F. App'x 126, 133-34 (3d Cir. 2005) (holding that *Heck* barred a 1983 claim of unlawful search and seizure where "arrest and conviction were based on the evidence gathered" in the allegedly illegal search and seizure); *Usery v. Wood*, Civ. A. No. 14-6346, 2017 WL 960354 (D.N.J. Mar. 13, 2017) (barring the plaintiff's Fourth Amendment claims because "the sole charge for which [he] was convicted was illegal possession of the allegedly illegally seized gun, [and] if [he] were to prevail on his § 1983 unreasonable search and seizure claims, it would necessarily imply the invalidity of [his] underlying conviction"); *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 640 (E.D. Pa. 2014) (holding that claims for illegal search and false arrest were *Heck*-barred where a finding that plaintiff was searched or arrested without probable cause, which would likely result in the suppression of evidence of his blood alcohol level, would necessarily imply the invalidity of his conviction).

*Heck* bars Jones's claim since he was convicted of the charges stemming from the allegedly illegal search and arrest, that conviction has not been overturned, and his success on the claim would render that conviction invalid. Accordingly, the illegal search claim is dismissed without prejudice and with leave for Jones to reassert the claim if his conviction is ever overturned or otherwise invalidated.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**